THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HORACIO ORTIZ ALTUNA, Defendant and Appellant.

No. 12732. Argued November 13, 1947.—Decided December 19, 1947.

848

*Frank Torres* for appellant. *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

This case originated in the Municipal Court of Juana Díaz, wherein a sworn complaint was filed, alleging that the defendant-appellant, Horacio Ortiz Altuna, is the father of Horacio Rodríguez, a minor, and for over three years has refused and still refuses to provide the latter with the support prescribed by § 263 of the Penal Code in force.

On October 25, 1946, a trial *de novo* was held in the District Court of Ponce and the defendant was found guilty and sentenced to one month in jail; but the sentence was suspended, conditioned upon the payment by the defendant of the sum of $5 weekly for the support of the child.

The defendant in his appeal has assigned four errors, of which the first two relate to the weighing of the evidence by the lower court.

He urges that the court erred in deciding, under the influcnce of passion, prejudice, and partiality, that the law and the facts are against the defendant; and that it erred in applying the law to the few facts proved in this case. In support of his contention, the defendant maintains that before the penalty of payment of support or imprisonment in jail can be imposed, it is necessary to prove the paternity pursuant to the provisions of § 125 of the Civil Code of Puerto Rico, 1930 ed., and that the district attorney failed to prove his case, under the doctrine laid down in *Vázquez* v. *De Jesús,* 65 P.R.R. 846.

The only witness for the prosecution was Pura García grandmother of Horacio Rodríguez, the minor claimed to have been abandoned. She testified that her daughter Carmen María Rodríguez, mother of the minor, died over three years ago; that when her daughter died she was living with the witness, but that she previously lived with the defendant; that her daughter and the defendant lived as husband and wife in a room located in De la Cruz Street, in Juana Díaz; that while her daughter lived with the defendant she became pregnant and during her pregnancy the defendant entered the Army; that the child was born in 1941, after the defendant had entered the Army; that when the child was about one year and one month old, her daughter went to live with the witness, as she had been abandoned; that while the defendant was in the Army, he gave her daughter money out of his own funds, but that at the present time he does not pay any allowance for the child, who lives with the witness.

The defense moved for the peremptory acquittal of the defendant, on the grounds that the facts alleged in the complaint were not proved and that the evidence introduced by the prosecution was not sufficient to convict the defendant of the offense charged. That motion was denied. The evi-

dence for the defense, which consisted of the testimony of Zoilo Mendoza, Luis Magín, Gabriel Torres, and Celedonio Bonilla, tended to show that Carmen María Rodríguez lived in De la Cruz Street, Juana Díaz, in a room which she had rented from Zoilo Mendoza; that she was evicted from said room by Mendoza because "she had a radio, held parties, and many people went in and out of said room"; that the defendant entered the Army on March 27, 1941, and was discharged on December 9, 1945; that the defendant was never seen visiting the room of the minor's mother nor had any relations with her; that Celedonio Bonilla had intimate relations with Carmen María in March 1941, and did not notice that the latter was pregnant; and that at the end of 1941 she lived in concubinage with Félix Pérez, but at that time the child had already been born.

After the whole evidence was introduced, the lower court found that "the grandmother of that child has testified here that her daughter left her house with this gentleman with whom she lived; that while she lived with him she gave birth to a child and when the child was a little older, the defendant went into the Army of the United States and has never provided said child with any support; that when he lived with her he gave her some money and even afterwards, when he was in the Army, he gave her something out of his own funds, since she did not receive the dependent's allowance which the Government pays for children. The grandmother stated that, in view of his failure to pay any allowance, she sent him word and then finally she took him to court. For the purpose of the motion for nonsuit, there is evidence that the accused is the father of this child and that he has not furnished support and that he refuses to do so. As I have already stated, I have carefully examined the evidence, and I think that the same clearly establishes that the defendant is guilty, and I have no doubt that he is."

The evidence was conflicting and the court *a quo* gave full credit to the evidence introduced by the prosecution. Since

the latter evidence is sufficient, in our judgment, to support the conviction, and since there has been no showing of passion, prejudice, or partiality on the part of the trial court, we will not interfere with the weighing of the evidence by that court. *People* v. *Méndez, ante,* p. 772 .

■ The appellant complains that he has been convicted on the sole testimony of the complainant Pura García. We have heretofore held that in cases of abandonment of children the testimony of a single witness, if accorded credit, is sufficient for a conviction without the necessity of any corroboration. *People* v. *Bernabe,* 63 P.R.R. 385; *People* v. *Cáceres,* 65 P.R.R. 344.

■ There is no merit in the contention advanced by the defendant, that, in a case like the one at bar, the paternity must be proved in the light of the requirements of § 125 of the Civil Code, citing the case of *Vázquez* v. *De Jesús.* That case, unlike the present one, was not criminal but civil. Regarding this question, in *People* v. *Rodríguez, ante,* p. 688, we stated:

"Indeed, the evidence required in filiation suits is and should be different from that required in those cases where only support is claimed for a minor. In the former, it is necessary to comply with the provisions of § 125 of the Civil Code . . . However, in cases of support or of abandonment and neglect of children, as we have already stated, and as it has been decided by this court in the numerous cases cited above, proof of the paternity is sufficient to definitely establish the right to support, provided it is also shown, of course, that the child needs such support and the father is able to furnish it."

To the same effect, see *People* v. *López, ante,* p. 732.

■■ The first two errors are nonexistent. As a third assignment the defendant-appellant urges that "The court erred in unconditionally admitting oral evidence to prove the death of the mother of the minor—without the district attorney first proving and justifying the nonexistence of the death certificate issued by the Vital Statistics Registry. The

court *a quo* also erred in admitting in evidence, as it did over the objection of the defendant, the church certificate of the birth of the child, whose paternity is involved herein, without the district attorney having first legally justified or explained the nonexistence of the birth certificate issued and authorized by the Insular Vital Statistics Registrar.''

Undoubtedly, the best evidence to prove the death of a human being is the death certificate; but this does not mean that any other evidence tending to prove that fact should be excluded. The death may be proved by any other direct evidence. In the instant case, Pura García testified that she saw her daughter dead and that she attended her burial; therefore, this evidence is admissible as direct evidence of the fact of death.

■ We now turn to the second part of said assignment. The appellant argues that the adjudicated cases establish the procedure which should be followed in proving official documents, and to support his argument he cites § 431 of the Code of Civil Procedure, 1933 ed.

The baptismal certificate above referred to was introduced in evidence after the grandmother of the minor had testified to the effect that the child was the son of Carmen María Rodríguez, born out of the relations of the latter with the defendant, and that the child had been born in 1941. The baptismal certificate was admitted over the objection of the defendant. The essential fact in this case, namely, the birth of the minor as the offspring of the relations between Carmen María and the defendant, was established by the testimony of Pura García. Conceding, without holding that the baptismal certificate was not admissible, its admission was not prejudicial, since, as we have already stated, there was additional evidence accorded credit by the court, which tended to prove the same facts referred to in the baptismal certificate. *People* v. *Méndez, supra; People* v. *Avilés,* 66 P. R.R. 278. Those errors were not committed either.

The judgment appealed from should be affirmed.